1  GEORGE E. GREER (STATE BAR NO. 11050)
   ggreer@orrick.com
2  CATHERINE Y. LUI (STATE BAR NO. 239648)
   clui@orrick.com
3  DARREN S. TESHIMA (STATE BAR NO. 238875)
   dteshima@orrick.com
4  SHANNON C. LEONG (STATE BAR NO. 268612)
   sleong@orrick.com
5
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
   405 Howard Street
7  San Francisco California  94105-2669
   Telephone:      +1-415-773-5700
8  Facsimile:      +1-415-773-5759
9  Attorneys for Plaintiffs
   Habeas Corpus Resource Center and the Office of the
10 Federal Public Defender for the District of Arizona

11                    UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA
13

14
15 | Habeas Corpus Resource Center and the Office | Case No. 13-CV-4517-JCS |
   of the Federal Public Defender for the District
16 of Arizona,                                      **DECLARATION OF DALE A. BAICH
                                                     IN SUPPORT OF PLAINTIFFS' *EX*
                   Plaintiffs,                       *PARTE* MOTION FOR (1)
17                                                   TEMPORARY RESTRAINING
                                                     ORDER; AND (2) ORDER TO SHOW
          v.                                         CAUSE FOR PRELIMINARY
18                                                   INJUNCTION**

   United States Department of Justice and Eric
19 H. Holder, in his official capacity as United
   States Attorney General,                          Date:        TBD
20                                                    Time:        TBD
                   Defendants.                        Dept:        TBD
21                                                    Judge:       TBD

22
23
24
25
26
27
28

I, Dale A. Baich, hereby declare that the following information is true to the best of my knowledge and belief:

1.      The Office of the Federal Public Defender for the District of Arizona ("FDO-AZ") is a Federal Defender organization that operates under the authority of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(g).  FDO-AZ provides legal representation to indigent men and women, including those individuals sentenced to death.  The mission of FDO-AZ includes ensuring, on behalf of those who are unable to afford retained counsel and other necessary defense services, that the right to the effective assistance of counsel guaranteed by the Sixth Amendment and the Criminal Justice Act is enforced within the District of Arizona.

2.      I am the supervisor of the Capital Habeas Unit of FDO-AZ.  I was also lead counsel for FDO-AZ in representing the petitioner in Spears v. Stewart, 283 F.3d 992, 1018 (9th Cir. 2002), in which the United States Court of Appeals for the Ninth Circuit held that Arizona's mechanism met the standards set out in Chapter 154, but that the opt-in provisions could not be applied in that particular case because Mr. Spears did not receive the benefit of the mechanism during his state post-conviction proceedings.

3.      FDO-AZ has also been involved in the process by which the Department of Justice ("DOJ") has promulgated the Final Rule: FDO-AZ submitted comments on both the proposed rule and the supplemental notice of proposed rulemaking.  Letter from Jon Sands, Federal Public Defender, to DOJ Regulations Docket Clerk (June 1, 2011), attached hereto as Exhibit A; Letter from Jon Sands, Federal Public Defender, to DOJ Regulations Docket Clerk (March 14, 2012), attached hereto as Exhibit B.  In addition, FDO-AZ both coordinated and joined with the comments submitted by all Federal Public and Community Defenders.  Federal Public Defenders' Comments on Proposed Rule (May 31, 2011), attached hereto as Exhibit C; Comments by Federal Public Defenders and Community Defenders re: Supplemental Notice of Proposed Rulemaking (March 14, 2012), attached hereto as Exhibit D.  I have reviewed the Final Rule as published by DOJ on September 23, 2013, and it will cause irreparable harm to FDO-AZ and our clients if allowed to go into effect in its current form.

OHSUSA:754660784.1

4.      FDO-AZ currently represents fifty-eight death-sentenced state prisoners in their federal habeas corpus proceedings pursuant to 28 U.S.C. § 2254, including forty-three petitioners from the District of Arizona—nearly eighty percent of the Arizona petitioners in federal court. The office also represents four death-sentenced state prisoners in the Northern District of California, two in the District of Nevada, two in the Northern District of Ohio, one in the Western District of Oklahoma, and five in the District of Utah, in addition to three prisoners under federal death sentences and several prisoners with non-capital sentences.

5.      Along with the direct representation of clients, the United States District Court for the District of Arizona has authorized FDO-AZ "to provide assistance, consultation, information and other related services to eligible persons and appointed attorneys" regarding federal habeas corpus litigation.  United States Dist. Ct. for the Dist. of Ariz., Gen. Order 07-08: Criminal Justice Act Plan, § VII(C) (May 7, 2007).  The court also requires FDO-AZ to: 1) track capital cases in Arizona state and federal courts; 2) "coordinate with other state and national organizations providing legal assistance to death-sentenced individuals and counsel representing such individuals," and 3) provide training for those attorneys representing clients in federal habeas proceedings.  *Id*. § VII(D).

6.      The version of the Final Rule published by Defendants on September 23, 2013, will cause irreparable harm to FDO-AZ and our clients if it is allowed to go into effect on October 23, 2013.  For FDO-AZ's current clients, the problems with Arizona's mechanism will cause uncertainty about the application of the opt-in provisions to individual cases and result in extensive litigation in each of the office's forty-three Arizona cases.[1]

7.      The Final Rule as written fails to provide notice to affected and interested parties, and fails to provide an adequate method for opposition to a state's application for certification under the Final Rule.  Recent events in Arizona illustrate the problems with the rule in its current form.  On April 18, 2013, Arizona Attorney General Tom Horne sent a letter to United States Attorney General Eric Holder regarding the pending regulations and requesting certification of

---

[1] As to FDO-AZ's four clients in the Northern District of California, FDO-AZ joins in and incorporates the declaration of Michael Laurence regarding the irreparable harm to California prisoners.

DECL. OF D. BAICH ISO PLAINTIFFS' MOTION FOR
TRO AND OSC RE PRELIMINARY INJUNCTION

OHSUSA:754660784.1

1    Arizona as an "opt-in" state.  Letter to United States Attorney General Eric Holder from Arizona

2    Attorney General Thomas Horne (April 18, 2013), attached hereto as Exhibit E.  FDO-AZ learned

3    of this letter from a press release issued by the Arizona Attorney General's Office.  Lindsey

4    Collum, Horne May Sue over Habeas Corpus, Ariz. Republic, Apr. 19, 2013.  On June 4, 2013,

5    FDO-AZ wrote its own letter to Attorney General Holder, acknowledging Horne's letter and

6    formally requesting notification of any correspondence or communication between the

7    Department of Justice ("DOJ") and the Arizona Attorney General's Office.  Letter to United

8    States Attorney General Eric Holder from Dale A. Baich (June 4, 2013), attached hereto as

9    Exhibit F.  On July 16, 2012, DOJ responded to Horne, stating that the regulation process was

10   underway and that it would begin reviewing Arizona's application for certification immediately

11   to "help speed up the ultimate determination of the certification" despite the fact that the Final

12   Rule had not yet issued and that DOJ had not complied with even the proposed rule's

13   requirements upon application of a state.  Letter to Thomas Horne, Arizona Attorney General,

14   from Alexa Chappell, Intergovernmental Liaison (July 16, 2003). Attached hereto as Exhibit G.

15        8.      Despite these actions by DOJ, FDO-AZ has not received a response to or

16   acknowledgement of its letter to Attorney General Holder, was not copied on the DOJ's response

17   to Horne, and has not had the opportunity to be heard regarding Arizona's application prior to its

18   consideration by DOJ.  It is unclear at this time how DOJ intends to proceed with Arizona's

19   pending application at the time the Final Rule goes into effect, whether they intend to disclose

20   this and any other ex parte communication, and how they intend to belatedly consider any

21   opposition to the application already under review.  These issues, coupled with the lack of

22   specificity in the Final Rule regarding DOJ's determination of opt-in certification and DOJ's

23   failure to respond to comments asking for a meaningful process to oppose a certification

24   application, leave FDO-AZ without the opportunity to effectively oppose Arizona's certification

25   as an opt-in state and indicate possible bias in the certification process.

26        9.      In addition, Arizona's alleged "mechanism" for the appointment and compensation

27   of counsel in state capital post-conviction cases suffers from significant problems in practice.  For

28   example, the vast majority of cases have not received timely appointment of post-conviction

DECL. OF D. BAICH ISO PLAINTIFFS' MOTION FOR
TRO AND OSC RE PRELIMINARY INJUNCTION

1   counsel, with an average wait time of more than eighteen months before counsel is located and

2   appointed.  The quality of representation varies widely, especially since the Arizona Supreme

3   Court relaxed the standards for appointment of counsel in these cases, and no system is in place to

4   review counsel's performance or ongoing compliance with the standards.  These problems, in

5   addition to numerous others with the mechanism, mean that nearly every case will be required to

6   litigate the application of Arizona's mechanism to that case to determine if the opt-in provisions

7   will apply.  The Final Rule's failure to provide meaningful standards for DOJ's determination of

8   opt-in certification leave FDO-AZ without an adequate opportunity to illustrate these significant

9   problems with the mechanism, and DOJ's decision to leave the determinations regarding

10  compliance with the mechanism to the district court in individual cases places a tremendous

11  burden on FDO-AZ and its clients.

12          10.     Because FDO-AZ will be required to litigate each case as a potential opt-in case

13  until the federal courts have decided the issues, it is nearly impossible for counsel to adequately

14  represent and advise their clients as to the proper course of action.  For example, the shortened

15  statute of limitations will have an especially adverse effect on Arizona prisoners due to the fact

16  that the statute of limitations will start running when the direct appeal opinion is issued, and will

17  not be tolled until a petition for certiorari is filed in the United States Supreme Court.  Because

18  petitioners have ninety days after the direct appeal opinion in which to file a certiorari petition,

19  exactly half of the revised limitations period will have run before certiorari is denied.  Arizona

20  Rule of Criminal Procedure 32.4, a part of the "mechanism" that allegedly qualifies Arizona for

21  opt-in status, requires that post-conviction counsel be appointed upon affirmance of the

22  conviction and sentence by the Arizona Supreme Court.  In reality, only eight of the last ninety-

23  three prisoners to enter state capital post-conviction proceedings in Arizona have had post-

24  conviction counsel appointed before the ninety-day period for filing a certiorari petition has

25  expired.  Because half the statutory time will have elapsed prior to the conclusion of the state

26  post-conviction cases, federal habeas counsel may be left with just ninety days in which to file a

27  federal habeas petition raising all known claims for relief, even if ultimately the district court

28  decides that the opt-in provisions do not apply to that case due to the failure to appoint counsel in

DECL. OF D. BAICH ISO PLAINTIFFS' MOTION FOR
TRO AND OSC RE PRELIMINARY INJUNCTION

1  a timely manner.  In addition, FDO-AZ may need to file protective petitions in each of the sixty-

2  six capital cases currently on direct appeal and in post-conviction proceedings, adding to the

3  burden of litigation caused by the Final Rule's failure to provide a meaningful review of a state's

4  mechanism in practice.

5       11.     The burden of this additional and unnecessary litigation will be exacerbated by

6  recent events.  FDO-AZ has suffered a twenty percent budget cut in recent months due to federal

7  budgeting issues and sequestration, and has been forced to lay off staff members.  The

8  compressed schedule for these cases and the additional litigation regarding opt-in status, coupled

9  with the reduced workforce and budget, will put FDO-AZ in a position to decline appointments in

10  incoming cases.  This will increase the burden on the similarly-situated federal courts and on

11  counsel then appointed to these cases pursuant to the Criminal Justice Act.

12      12.     The Final Rule's retroactivity provisions may also mean that clients that recently

13  entered federal court could have the truncated statute of limitations in 28 U.S.C. § 2263(a)

14  applied to them when filing a petition, lose their ability to litigate procedurally defaulted claims

15  pursuant to 28 U.S.C. § 2264(a), and be denied the ability to amend their petitions pursuant to 28

16  U.S.C. § 2266(b)(3)(B).  This risk is especially problematic because these clients will not have

17  had notice that these provisions could apply to them, and FDO-AZ cannot make informed

18  decisions about litigation of cases because it is not clear whether the provisions will apply to a

19  particular case until after the issues are litigated in federal court.  This presents problems as to the

20  time for filing petitions, the practice of raising unexhausted and/or procedurally defaulted claims,

21  the need to conduct investigation of guilt- and penalty-phase issues, and the time available for

22  researching and drafting claims.

23      13.     In addition to the cases currently in federal habeas corpus proceedings, as noted

24  above Arizona has sixty-six death-sentenced prisoners making their way through the state court

25  process: forty-seven cases pending in state capital post-conviction proceedings, and another

26  nineteen capital cases on direct appeal before the Arizona Supreme Court.  Pursuant to the

27  dictates of the Criminal Justice Plan in the District of Arizona, FDO-AZ tracks these cases in state

28  and federal court, consults with counsel representing clients on direct appeal and in state post-

DECL. OF D. BAICH ISO PLAINTIFFS' MOTION FOR
TRO AND OSC RE PRELIMINARY INJUNCTION

OHSUSA:754660784.1

1   conviction proceedings on issues relating to future federal habeas corpus proceedings, and

2   provides training on these topics as well.  The same uncertainty regarding the opt-in status of each

3   case applies to these cases, and makes it impossible for FDO-AZ to provide adequate guidance

4   and training to counsel in these cases.  As in FDO-AZ's own cases, the office will have to advise

5   counsel to treat each case as on opt-in case until a federal court rules otherwise.  This likely will

6   result in a rush to file protective petitions in the district court, and rampant confusion about how

7   counsel can best represent their clients.  The Final Rule's abdication of DOJ's responsibilities

8   pursuant to the Patriot Act revisions will result in a flood of litigation in federal courts, and place

9   an enormous burden on FDO-AZ and its clients.

10

11          I declare under penalty of perjury under the laws of the United States of America and

12   California that the foregoing is true and correct and that I have signed this declaration on October

13   3, 2013.

14

15

16   _____
                Dale A. Baich

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF D. BAICH ISO PLAINTIFFS' APPLICATION
FOR TRO AND OSC RE PRELIMINARY INJUNCTION

OHSUSA:754660784.1