STUART F. DELERY
Assistant Attorney General
MELINDA HAAG
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JACQUELINE COLEMAN SNEAD
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20001
Tel: (202) 514-3418
Fax: (202) 616-8470
Email: Jacqueline.snead@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Habeas Corpus Resource Center and the Office of the Federal Public Defender for the District of Arizona,<br><br>   Plaintiffs,<br><br> vs.<br><br>United States Department of Justice and Eric H. Holder, in his official capacity as United States Attorney General,<br><br>   Defendants. | Case No.: CV 13-4517<br><br>**Defendants' Opposition to Plaintiffs' Administrative Motion for Expedited Discovery** |

Defendants the Department of Justice and Eric H. Holder, Jr., United States Attorney General ("the government"), hereby oppose Plaintiffs' motion seeking expedited discovery in this action, brought pursuant to the Administrative Procedure Act ("APA"), challenging a recently published Final Rule under which the Department may certify a mechanism established by a state government for the appointment and compensation of counsel for death row inmates. *See* 75 Fed. Reg. 58,160 (Sept. 23, 2013). It is well established that "discovery is generally not permitted in APA cases" because the Court's review in such a case is limited to the administrative record.

*Habeas Corpus Resource Ctr. v. Department of Justice*
Case No. 13-4517
Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery

1

*McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007). Thus, all of Plaintiffs' claims, including that the Attorney General allegedly failed to consider comments that he should have during the rulemaking, allegedly failed to provide notice of aspects of the Final Rule, and allegedly is a biased decisionmaker, will be evaluated based on the administrative record that the Department submits to the Court. *See id.* ("In reviewing an agency decision, the reviewing court is to apply the appropriate standard of review, 5 U.S.C. § 706, based on the administrative record . . . ."). Accordingly, discovery should not be permitted or necessary for resolution of this action and especially not now at this preliminary stage in the case, before a motion to dismiss has been filed.

Furthermore, even if any discovery were appropriate, Plaintiffs have not demonstrated why their proposed discovery must be expedited in connection with their Motion for a Temporary Restraining Order or for any other reason. *See* Pls.' Admin. Mot. for Relief from Fed. R. Civ. Proc. 26(d)(1) 2 (Oct. 4, 2013), ECF No. 9 (purporting to justify their request for expedited discovery as it would "provide crucial information regarding implementation of the Final Rule that are relevant to Plaintiffs' claims including but not limited to Plaintiffs' claim that Defendants failed to take the appropriate safeguards regarding their bias in the rulemaking and certification process and that the Defendants have implemented a procedurally and substantively defective rule"). That proffered reason, however, says nothing more than that Plaintiffs seek discovery to support their claims, which is an insufficient basis for expedited discovery, especially in an APA case.

While the foregoing alone provides ample basis to deny the instant motion, that result is all the more compelled here because of the present lapse in federal appropriations to the Department of Justice ("Department"). At the end of the day on September 30, 2013, the appropriations act that had been funding the Department expired and appropriations to the Department lapsed. The Department does not know when

*Habeas Corpus Resource Ctr. v. Department of Justice*
Case No. 13-4517
Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery

2


funding will be restored by Congress. Absent an appropriation, Department attorneys and employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Consequently, none of the personnel with knowledge of the information that Plaintiffs seek through their proposed discovery requests is permitted to work on those requests.

Moreover, as the government already has represented, during the lapse in appropriations, Department personnel will not take any actions related to the challenged Final Rule, including the publishing of any applications submitted by states for certification. Thus, contrary to Plaintiffs' assertions, there is no emergency necessitating either the entry of a temporary restraining order or discovery requests related thereto seeking "information regarding the implementation of the Final Rule." Pls.' Mot. at 2.

## CONCLUSION

For all these reasons, the Court should deny Plaintiffs' motion for expedited discovery.

Date:  October 10, 2013                    Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

MELINDA HAAG
U.S. Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director
Civil Division

/s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD
(D.C. Bar 459548)
Senior Counsel
United States Department of Justice

*Habeas Corpus Resource Ctr. v. Department of Justice*
Case No. 13-4517
Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery
3

Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-3418
Fax: (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Counsel for Defendants**

*Habeas Corpus Resource Ctr. v. Department of Justice*
Case No. 13-4517
Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery

4