IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER AND THE OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF ARIZONA,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE AND ERIC H. HOLDER, IN HIS OFFICIAL CAPACITY AS UNITED STATES ATTORNEY GENERAL,<br><br>    Defendants. | No. C 13-4517 CW<br><br>ORDER GRANTING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE<br>(DOCKET NO. 7) |

On September 30, 2013, Plaintiffs Habeas Corpus Resource Center (HCRC) and the Office of the Federal Public Defender for the District of Arizona (FDO-AZ) brought an action for injunctive relief to set aside the September 23, 2013 Final Rule regarding Certification Process for State Capital Counsel System, 78 Fed. Reg. 58,160.  The Final Rule was issued by Defendants United States Department of Justice (DOJ) and United States Attorney General Eric Holder on September 23, 2013 and will become effective on October 23, 2013.  On October 4, 2013, Plaintiffs moved for (1) a temporary injunction enjoining Defendants from putting into effect the Final Rule pending a ruling on a preliminary injunction, and (2) order to show cause for a preliminary injunction hearing.  Docket No. 7.  Due to the lapse

in appropriations, Defendants did not respond to Plaintiffs' motion and moved for a stay in litigation.[1]  Docket No. 13.

BACKGROUND

A. Chapter 154

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 added chapter 154 of Title 28 of the United States Code. Chapter 154 provides expedited procedures in federal capital habeas corpus cases when a state is able to establish that it has provided qualified, competent, adequately resourced and adequately compensated counsel to death-sentenced prisoners.  Under the AEDPA, federal courts were responsible for determining whether states were eligible for the expedited federal procedures.  The USA Patriot Improvement and Reauthorization Act of 2005, Pub. L. No. 109-174, 120 Stat. 192 (2005), amended chapter 154 to shift the eligibility determination from the federal courts to the Attorney General.

In December 2008, the Attorney General published a final rule to implement the procedure prescribed by chapter 154.  On January 20, 2009 this Court granted a preliminary injunction, enjoining Defendants from putting into effect the regulation without first providing an additional comment period of at least thirty days and publishing a response to any comments received during such a period.  See Habeas Corpus Resource Ctr. v. United States Department of Justice, 2009 WL 185423 (N.D. Cal.) at *10.  The

---

[1] The lapse in appropriations has now ended.  Accordingly, the Court DENIES Defendants' motion to stay as moot.  Docket No. 13.

2

regulation did not go into effect.  In November 2010, Defendants published a final rule removing the regulation.

The DOJ published a new proposed rule on March 3, 2011.  76 Fed. Reg. 11,705.  The comment period closed on June 1, 2011.  The DOJ then published a supplemental notice of proposed rulemaking on February 13, 2012.  77 Fed. Reg. 7559.  The comment period closed on March 14, 2012.  On September 2013, the Final Rule was published.

Section 26.22 of the Final Rule prescribes the standards a state must meet in order to earn certification under 28 U.S.C. §§ 2261 and 2265.  Section 26.22(b) prescribes three different ways a state may meet the requirements for providing competent counsel.  The first two are based on statutory criteria.  The third allows a state to be certified if the competency standards "reasonably assure a level of proficiency appropriate for State post-conviction litigation in capital cases."  78 Fed. Reg. 58,182.

Section 26.23 provides the certification process.  A state must "request in writing" a certification that it meets the requirements of § 26.22.  Upon receiving the state's request, the Attorney General will make the request publicly available on the Internet; publish a notice in the Federal Register, identifying the Internet address at which the public may view the state's request; and solicit public comments.  The Attorney General will review the state's request and public comments, and will publish the certification in the Federal Register if the certification is granted.  A certification remains effective for a period of five years after the completion of the certification process by the

3

Attorney General and any related judicial review.  78 Fed. Reg. 58,184.

## LEGAL STANDARD

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.  See Dumas v. Gommerman, 865 F. 2d 1093, 1095 (9th Cir. 1989).  To qualify for a preliminary injunction, the moving party must demonstrate "(1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction."  Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003).  "[T]he required showing of harm varies inversely with the required showing of meritoriousness."  Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1047, 1049 (9th Cir.2008) (citation omitted).

## DISCUSSION

I.  Likelihood of Success on the Merits

   A. Adequacy of Notice

The APA "requires an agency conducting notice-and-comment rulemaking to publish in its notice of rulemaking 'either the terms or substance of the proposed rule or a description of the subjects and issues involved.'"  Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 174 (2001) (quoting 5 U.S.C. § 553(b)(3)).  Because the Attorney General's promulgation of the Final Rule constitutes administrative rulemaking with notice in the Federal Register and public comment, it must comply with the rulemaking provisions of the APA.  See 5 U.S.C. § 553.  To determine whether the Attorney General complied, this Court inquires whether "the

4

notice fairly apprise[s] the interested persons of the subjects and issues before the Agency.'" Louis v. U.S. Dep't of Labor, 419 F.3d 970, 975 (9th Cir. 2005).

Here, Plaintiffs are likely to succeed on their claim that the Attorney General failed to provide adequate notice under the APA because he stated, for the first time in the final rule, that the certification decisions are not subject to the rulemaking provisions of the APA.  78 Fed. Reg. 58,174 ("[T]he Attorney General's certifications under chapter 154 are orders rather than rules for purposes of the Administrative Procedure Act (APA). They are accordingly not subject to the APA's rulemaking provisions, see 5 U.S.C. 553, much less to the APA's requirements for rulemaking or adjudication required to be made or determined on the record after opportunity for an agency hearing[.]"). Notice was likely inadequate because it did not reveal the Attorney General's view that certification determinations constitute orders, not rules, and therefore are not subject to the APA requirements governing rulemaking.  Interested parties thus may have been denied an opportunity to comment on the Attorney General's view.  When an agency fails to notify interested parties of its position, its notice of proposed rulemaking has not "provide[d] sufficient factual detail and rationale for the rule to permit interested parties to comment meaningfully." Honeywell Int'l., Inc. v. EPA, 372 F.3d 441, 445 (D.C. Cir. 2004) (citation omitted).

The Court concludes that the Final Rule likely did not give adequate notice of the Attorney General's view of the

certification process.  Accordingly, Plaintiffs have a likelihood of success on the merits of this claim.

B. Deficient Certification Process

Final regulations are arbitrary and capricious when they fail to provide "definitional content" for terms guiding agency action implementing a statute.  Pearson v. Shalala, 164 F.3d 650, 660 (D.C. Cir. 1999).  An agency is "obliged under the APA" to give content to statutory standards it is tasked with implementing.  Id. at 661.  An agency cannot leave a prospective applicant "utterly without guidance as to what he must prove, and how."  S. Terminal Corp. v. EPA, 504 F.2d 646, 670 (1st Cir. 1974).

The Court finds that the certification process is likely arbitrary and capricious in several ways.  First, the Final Rule fails to provide substantive criteria as to how a state may satisfy the requirements of chapter 154.  Section 26.22(b) allows a state to be certified if the competency standards "reasonably assure a level of proficiency appropriate for State post-conviction litigation in capital cases."  78 Fed. Reg. 58,162.  This catch-all exception is broad and vague.  Second and relatedly, the Final Rule fails to indicate whether the Attorney General's certification decision will be guided by the body of law interpreting the requirements of chapter 154 prior to its amendment, including the applicable standards established by the United States Supreme Court.  Last, the Final Rule fails to address the nature and effect of ex parte communication between Attorney General Holder and the state officials.  As Plaintiffs note, even before the Final Rule went into effect, Attorney General Holder and the Arizona Attorney General commenced a

6

process of certification without notifying interested parties. Baich Dec., Exs. E, F. The Final Rule's failure to articulate transparent and specific parameters governing the Attorney General's ex parte communication with state officials may leave Plaintiffs and the public in the dark, depriving them of the opportunity to offer meaningful opposition.

The "agency's failure to state its reasoning or to adopt an intelligible standard" favors a finding that the Final Rule is arbitrary and capricious. Checkosky v. SEC, 139 F.3d 221, 226 (D.C. Cir. 1998) (citation omitted). Accordingly, Plaintiffs have a likelihood of success on the merits of their claim that the Final Rule is arbitrary and capricious under the APA.

II. Irreparable Harm, Balance of Equities, and the Public Interest

Plaintiffs have demonstrated a likelihood of irreparable harm sufficient to warrant granting a temporary restraining order. Were the Final Rule to go into effect, the possibility that California could apply for certification at any time or that Arizona, which has already applied for certification, could be certified at any time will "thrust Plaintiffs into uncertainty over the legal framework that applies to state and federal post-conviction remedies already being pursued on behalf of its clients." Habeas Corpus Res. Ctr., 2009 WL 185423, at *9.

There can be little doubt that the legal uncertainty of the retroactive effect of the new limitations period will severely harm Plaintiffs, leaving them in protracted legal limbo. Title 28 U.S.C. § 2265(a)(2) provides that a state's certification is retroactive to the date on which its mechanism for appointing

7

counsel was established.  As certification would shorten the deadline for filing federal habeas petitions from one year to six months, Plaintiffs would be forced "to advise counsel to treat each case as [an] opt-in-case until a federal court rules otherwise" and, as a result, forgo possibly meritorious claims. Baich Dec. ¶ 13.

Were the Final Rule to go into effect, Plaintiffs would confront a tumult of critical choices that affect their death-sentenced clients.  Plaintiffs do not court hyperbole when they deem the risk of permitting a potentially flawed regulation to proceed an "unconscionable gamble."  Laurence Dec. ¶ 16.  Compared to the harm faced by Plaintiffs, Defendants stand to face little, if any, harm if the Final Rule does not enter into effect immediately.  The Patriot Act amendments were passed in 2005. After removing their proposed rule in 2010, Defendants only recently attempted to revive it.  An additional delay pending resolution of this lawsuit will not prejudice them.  Public interest likewise favors maintaining the status quo while the legality of Defendants' rule is determined.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' application for a temporary restraining order and order to show cause why a preliminary injunction should not issue.  Defendants are enjoined from putting into effect the rule entitled "Certification Process for State Capital Counsel Systems," published at 78 Fed. Reg. 58,160 (Sept. 23, 2013).  The temporary restraining order shall expire on November 1, 2013.

8

Unless the parties stipulate to an alternate briefing schedule, including an extension of the temporary restraining order, the schedule on Plaintiffs' motion for a preliminary injunction is as follows. Within six days of the date of this order, Defendants shall file a response to the order to show cause why a preliminary injunction should not issue. Plaintiffs may file a reply within four days thereafter. A hearing will be held at 2:00 on Thursday, October 31, 2013.

IT IS SO ORDERED.

Dated: 10/18/2013

CLAUDIA WILKEN
United States District Judge