IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER AND THE OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF ARIZONA,<br><br>        Plaintiffs,<br><br>   vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE AND ERIC H. HOLDER, IN HIS OFFICIAL CAPACITY AS UNITED STATES ATTORNEY GENERAL,<br><br>        Defendants | Case No.: C-13-4517-CW<br><br>ORDER EXTENDING TEMPORARY RESTRAINING ORDER |

On October 18, 2013, this Court issued a temporary restraining order and order to show cause why a preliminary injunction should not issue, and enjoined Defendants during the pendency of these proceedings from putting into effect the rule entitled "Certification Process for State Capital Counsel Systems," published at 78 Fed. Reg. 58,160 (Sept. 23, 2013).  The order was set to expire on November 1, 2013.  On October 23, 2013, the parties submitted a stipulation for an extended briefing schedule in which they agreed to extend the temporary restraining order for an additional fourteen days.  On October 25, 2013, the Court granted the parties' stipulation.  Pursuant to the parties' stipulation, the Court set the hearing for November 14, 2013 and set the temporary restraining order to expire on November 15, 2013.

On November 14, 2013 the Court heard oral arguments on Plaintiffs' motion for preliminary injunction. The Court hereby extends the temporary restraining order while the preliminary injunction order is prepared. See State of Me. v. Fri, 483 F.2d 439, 441 (1st Cir. 1973)("Of course, as long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision."); SEC v. Unifund Sal, 910 F.2d 1028, 1034 (2d Cir. 1990)(district court is not prevented from continuing temporary restraining order while reserving decision on motion for preliminary injunction).

Neither party has addressed the issue of what bond should be required pursuant to Federal Rules of Civil Procedure Rule 65(c). Courts have discretion to dispense with the security requirement in circumstances where requiring security would effectively deny access to judicial review. See Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency, 766 F.2d 1319, 1325 (9th Cir. 1985) (finding proper the district court's exercise of discretion in allowing environmental group to proceed without posting a bond), amended on other grounds, 775 F.2d 998 (9th Cir. 1985); Barahona-Gomez, 167 F.3d at 1237 (determining $1,000 bond in class action not to be an abuse of discretion in light of the showing that "the vast majority of aliens [affected by class action] were very poor"). Courts also waive bonds to prevent a chilling effect on public interest litigation. Landwatch v. Connaughton, 905 F. Supp. 2d 1192, 1198 (D. Or. 2012). Accordingly, the Court requires no bond.

1   Defendants remain enjoined from effecting the rule entitled
2   "Certification Process for State Capital Counsel Systems,"
3   published at 78 Fed. Reg. 58,160 (Sept. 23, 2013), until this
4   order is lifted or replaced with a preliminary injunction.
5   IT IS SO ORDERED.

7   Dated: 11/15/2013
8                            CLAUDIA WILKEN
                         United States District Judge