IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER and THE OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF ARIZONA,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and ERIC H. HOLDER, IN HIS OFFICIAL CAPACITY AS UNITED STATES ATTORNEY GENERAL,<br><br>          Defendants.<br>_____/ | No. C 13-4517 CW<br><br>ORDER DENYING MOTION TO INTERVENE AND GRANTING MOTION TO FILE AMICUS BRIEF (DOCKET NO. 29) |

Marc Klaas seeks to intervene or in the alternative file a brief as amicus curiae.  After reviewing the papers, the Court DENIES the motion to intervene and GRANTS the motion to file a brief as amicus curiae.

                              BACKGROUND

On September 30, 2013, Plaintiffs Habeas Corpus Resource Center (HCRC) and the Office of the Federal Public Defender for the District of Arizona (FDO-AZ) brought an action for injunctive relief to set aside the September 23, 2013 Final Rule regarding Certification Process for State Capital Counsel System, 78 Fed. Reg. 58,160.  The Final Rule was issued by Defendants United States Department of Justice (DOJ) and United States Attorney General Eric H. Holder on September 23, 2013 and was due to become effective on October 23, 2013.  On October 18th, 2013, this Court

granted Plaintiffs' application for a temporary restraining order and order to show cause why a preliminary injunction should not issue. On November 4, 2013, Mr. Klaas filed a motion to intervene or in the alternative to file a brief as amicus curiae on the basis that he is the father of a murder victim in a potential federal habeas corpus case. On November 6, 2013, Plaintiffs filed an opposition to the motion to intervene.

## LEGAL STANDARD

Mr. Klaas seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a). Under Federal Rule of Civil Procedure 24(a), a party has a right to intervene if: (1) the applicant has made a timely motion to intervene; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that the disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by existing parties. See Fed. R. Civ. P. 24(a)(2); Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011). To merit intervention as of right, a prospective intervenor must satisfy each Rule 24(a) requirement. See League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

## DISCUSSION

The Court denies the motion because Mr. Klaas has not satisfied the substantive requirements of Rule 24(a)(2) for intervention as of right.

Under Rule 24(a) Mr. Klaas is required to demonstrate a "requisite legally protectable interest -- that is, a statutory,

2

1 contract, or constitutional interest in this litigation." <u>Nikon
2 Corp. v. ASM Lithography B.V.</u>, 222 F.R.D. 647, 650 (N.D. Cal.
3 2004). Mr. Klaas argues that he is a crime victim under 18 U.S.C.
4 § 3771 and, accordingly, has a right to proceedings free from
5 unreasonable delay in a habeas corpus case. 18 U.S.C.
6 § 3771(a)(7).

Title 18 U.S.C. § 3771 is inapplicable to Mr. Klaas's motion. The statute confers rights on victims in a "Federal habeas corpus proceeding arising out of a State conviction." 18 U.S.C. § 3771(2)(A). As Mr. Klaas notes in his motion, no federal habeas corpus petition has yet been filed in the case. Mr. Klaas thus does not fall within the statute's purview. Even if he did, 18 U.S.C. § 3771(d)(3) prescribes specific mechanisms for enforcing a crime victim's right to proceedings free from unreasonable delay. <u>See</u> 18 U.S.C. § 3771(d)(3) (providing that a crime victim may assert rights prescribed in the statute in a district court; if denied relief, the victim may petition the court of appeals for a writ of mandamus.). Because 18 U.S.C. § 3771 is limited to the remedies enumerated in its text, it does not serve as a basis for Mr. Klaas to invoke a free-standing legally protectable interest that satisfies Rule 24(a). Accordingly, this Court denies Mr. Klaas's motion to intervene.

The Court will permit Mr. Klaas to file an amicus brief. "There are no strict prerequisites that must be established prior to qualifying for amicus status[.]" <u>In re Roxford Foods Litig.</u>, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citations omitted). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond

United States District Court
For the Northern District of California

3

the parties directly involved[.]" NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted). Accordingly, the Court will consider Mr. Klaas's brief, which was submitted on November 4, 2013. (Docket No. 29-3.). Each side may respond to the amicus brief within seven days of this order, with a brief of no more than ten pages.

IT IS SO ORDERED.

Dated: 11/22/2013

CLAUDIA WILKEN
United States District Judge