1  KENT S. SCHEIDEGGER (SBN 105178)
   CRIMINAL JUSTICE LEGAL FOUNDATION
2  2131 L Street
   Sacramento, CA  95816
3  (916) 446-0345 (Voice)
   (916) 446-1194 (Fax)
4  Kent.Scheidegger@cjlf.org

5  Attorney for Amici Curiae Marc Klaas and Edward G. Hardesty

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| Habeas Corpus Resource Center and the Office of the Federal Public Defender for the District of Arizona | Case No. 13-CV-4517-CW |
|---|---|
| Plaintiffs, vs. | NOTICE OF MOTION AND UNOPPOSED MOTION OF MARC KLAAS AND EDWARD G. HARDESTY TO FILE A BRIEF AMICI CURIAE |
| United States Department of Justice and Eric H. Holder, in his official capacity as United States Attorney General | Hearing Date: June 19, 2014
Hearing Time: 2:00 p.m.
Judge: Hon. Claudia Wilken |
| Defendants. | |

1    PLEASE TAKE NOTICE that on June 19, 2014, at 2:00 p.m., or as soon thereafter
2 as the matter can be heard, before the Hon. Claudia Wilken in Courtroom 2, 1301 Clay
3 Street, Oakland, California, Marc Klaas and Edward G. Hardesty will move for an order
4 granting them leave to file a brief as amici curiae in opposition to the planintiffs' motion
5 for summary judgment scheduled for hearing July 31, 2014, at 2:00 p.m.
6    Amici ask that the court order that the brief submitted with this motion be filed and
7 consider the arguments in the brief when deciding the motion for summary judgment.
8    Neither party opposes this motion.
9    Although not specifically provided for in the Federal Rules of Civil Procedure,
10 "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal
11 issues that have potential ramifications beyond the parties directly involved . . . ." *NVG*
12 *Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005).
13 The issues in this case have ramifications far beyond the parties. The named defendants,
14 the United States Department of Justice and the Attorney General, are not the intended
15 beneficiaries of the legislation at issue. As is abundantly clear from the legislative history
16 of the Antiterrorism and Effective Death Penalty Act of 1996, the interest of families of
17 murder victims in timely justice in capital cases was foremost in the minds of the members
18 of Congress as the bill was debated. *See* 142 Cong. Rec. 7562, col. 3 (1996) (statement of
19 Sen. Feinstein); *id*. at 7549, cols. 1-2 (Sen. Hatch); *id*. at 7566, cols. 1-2 (Sen. Inhofe); *id*.
20 at 7800-7801 (Sen. Dole) (adding letter from Lockerbie families); *id*. at 7961 (Mr. Hyde)
21 (adding letter from Oklahoma City widow); *id*. at 7962, cols. 2-3 (Mr. Barr).
22    Marc Klaas is the father of Polly Klaas. At the age of 12, Polly was kidnapped out
23 of her own home in Petaluma, California, by Richard Allen Davis and murdered by him.
24 Davis was sentenced to death, and his conviction and sentence have been upheld on direct
25 appeal and state habeas corpus. A federal habeas petition was filed on January 23, 2014, in
26 *Davis v. Chappell*, U.S. Dist. Ct., N.D. Cal. No. 3:13-cv-00408.
27
28

-1-

1    Edward G. Hardesty is the brother of Tucson Police Officer Patrick Hardesty, who
2 was murdered in the line of duty by John Montenegro Cruz.  Cruz was sentenced to death,
3 and his conviction and sentence have been upheld on direct appeal and state postconviction
4 review.  A federal habeas petition was filed on May 1, 2014, in *Cruz v. Ryan*, U.S. Dist.
5 Ct., Ariz. No. 4:13-cv-00389.
6    Amici are authorized to assert the interests of deceased victims under 18 U.S.C.
7 § 3771(e).  They have a "right to proceedings free from unreasonable delay," § 3771(a)(7),
8 a right which extends to the federal habeas proceedings noted above.  *See* § 3771(b)(2)(A).
9 Unreasonable delay in violation of victims' rights is presently the norm in capital habeas
10 cases in both Arizona and California, with cases typically taking over four years for district
11 court resolution alone.  *See* N. King, F. Cheesman, & B. Ostrom, Final Technical Report:
12 Habeas Litigation in U.S. District Courts:  An Empirical Study of Habeas Corpus Cases
13 Filed by State Prisoners Under the Antiterrorism and Effective Death Penalty Act of 1996,
14 Figure 15, p. 42 & App. D (2007).  Chapter 154, if implemented, would require resolution
15 by the district court in one year and three months.  *See* 28 U.S.C. § 2266(b)(1)(A).  Amici
16 therefore have a strong interest in this case.
17    Mr. Klaas previously moved to intervene and in the alternative to file an amicus
18 brief at the preliminary hearing stage.  The court denied the motion to intervene but granted
19 the alternative motion to file as amicus.  An appeal of the intervention motion is currently
20 pending and is unlikely to be decided before this Court's consideration of the motion for
21 summary judgment.  Filing as amicus again at this point is the best method to ensure that
22 pertinent arguments and authorities are before this Court for its decision.
23
24
25
26
27
28

For the foregoing reasons, amici respectfully request that this Court grant leave to file the attached brief.

Dated:  May 5, 2014                                        KENT S. SCHEIDEGGER

                                                     By:   /s/  Kent S. Scheidegger
                                                                KENT S. SCHEIDEGGER
                                                       Attorney for Amici Curiae Marc Klaas
                                                                 and Edward G. Hardesty